IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL S. BUTZ,

                Plaintiff,

  v.                                               ORDER

AUTOMATION SOLUTIONS OF AMERICA,      16-cv-696-jdp
INC.,

                Defendant.

---

Plaintiff Michael S. Butz filed suit against his former employer, defendant Automation Solutions of America, Inc. (ASA), alleging that ASA failed to pay him overtime wages in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-19, and Wisconsin wage and hour laws, and wrongfully discharged him. Dkt. 1. The parties have reached a settlement agreement and jointly move the court to approve it. Dkt. 11. They have filed their confidential settlement agreement under seal, Dkt. 12, and ask the court to maintain its confidentiality or, if necessary, file only a redacted version of the agreement on the public docket. The court will deny both parts of the parties' motion.

The parties request court approval of their settlement agreement because many courts refuse to enforce FLSA settlement agreements that have not been supervised by the Department of Labor or scrutinized by a court. *See Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) ("Courts . . . have refused to enforce wholly private [FLSA] settlements."); *see also Salcedo v. D'Arcy Buick GMC, Inc.*, 227 F. Supp. 3d 960, 961 & n.1 (N.D. Ill. 2016). Court approval of FLSA settlements is commonplace; maintaining the settlement agreements under seal is not. When judicial approval of a settlement is required, there is a

presumption of public access to the settlement agreement. *See Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013). That presumption may be rebutted by a compelling reason, such as protection of trade secrets or personal information. *Id.* "The fact that [the parties] don't want to disclose is not a reason." *Id.* at 835. Here, the parties provide *no* reason for maintaining the settlement agreement under seal other than "the confidential nature of the settlement." Dkt. 11, at 1. The court has reviewed the agreement, and it contains no sensitive personal information or trade secrets; it appears that the parties merely wish to keep the terms of the settlement secret, and the Seventh Circuit has been very clear that that's not enough. *See Goesel*, 738 F.3d at 835. The parties say that *Jessup v. Luther*, 277 F.3d 926 (7th Cir. 2002), allows the parties to stipulate to keep the terms of their settlement confidential. But nothing in *Jessup* authorizes the course of action the parties propose here. The court cannot approve the settlement agreement without making it accessible to the public.

The court cannot approve the settlement agreement for a second reason: the parties have not supplied the court with sufficient information to determine whether the agreement is reasonable. The FLSA bars settlements that "establish sub-minimum wages." *Walton*, 786 F.2d at 306. So the court must review the agreement to determine whether it "represents a fair and reasonable resolution of a *bona fide* dispute." *Salcedo*, 227 F. Supp. 3d at 961. Factors considered when reviewing settlement agreements for FLSA collective actions include "the range of reasonableness of the settlement fund in light of the best possible recovery [and] all the risks of litigation," such as the risks of establishing liability and damages. *Burkholder v. City of Ft. Wayne*, 750 F. Supp. 2d 990, 995 (N.D. Ind. 2010) (quoting *Misiewicz v. D'Onofrio Gen. Contractors*, No. 08-cv-4377, 2010 WL 2545439, at *4 (E.D.N.Y. May 17, 2010)). Here, the parties have not provided any information from which the court can infer reasonableness; the

submissions only indicate that Butz received a salary (we don't know what it was) and sometimes worked more than 40 hours a week.

So the court will deny the parties' motion without prejudice. Should the parties still wish to obtain judicial approval of their settlement agreement, they must file the agreement publicly on the docket (or provide a legitimate reason to keep the agreement under seal) and support their renewed motion with facts sufficient for the court to determine the agreement's reasonableness. Otherwise, they may stipulate to dismiss the action without judicial approval of the agreement.

ORDER

IT IS ORDERED that the parties' request for FLSA settlement review, Dkt. 11, is DENIED without prejudice.

Entered September 5, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge