IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL S. BUTZ,

                Plaintiff,

v.                                                         ORDER

AUTOMATION SOLUTIONS OF AMERICA,          16-cv-696-jdp
INC.,

                Defendant.

---

Plaintiff Michael S. Butz filed suit against his former employer, defendant Automation Solutions of America, Inc. (ASA), alleging that ASA failed to pay him overtime wages in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–19, and Wisconsin wage and hour laws and wrongfully discharged him. Dkt. 1. The parties have reached a settlement agreement. They previously moved the court to approve their confidential settlement agreement filed under seal; the court denied the motion because it could not approve the settlement agreement without making it accessible to the public and the parties had not supplied the court sufficient information to determine whether the agreement is reasonable. Dkt. 13. The parties now renew their motion and have filed their agreement without sealing it. Dkt. 14. The court will grant the parties' motion and approve the settlement agreement.

As the court previously noted, the FLSA bars settlements that "establish sub-minimum wages," *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986), so the court must review the settlement agreement to determine whether it "represents a fair and reasonable resolution of a *bona fide* dispute." *Salcedo v. D'Arcy Buick GMC, Inc.*, 227 F. Supp. 3d 961 (N.D. Ill. 2016). Factors considered when reviewing settlement agreements for FLSA collective

actions include "the range of reasonableness of the settlement fund in light of the best possible recovery [and] all the risks of litigation," such as the risks of establishing liability and damages. *Burkholder v. City of Ft. Wayne*, 750 F. Supp. 2d 990, 995 (N.D. Ind. 2010) (quoting *Misiewicz v. D'Onofrio Gen. Contractors*, No. 08-cv-4377, 2010 WL 2545439, at *4 (E.D.N.Y. May 17, 2010)). The court was unable to approve the settlement agreement the first time around because the parties had not provided any information from which the court could infer reasonableness. Their submissions indicated only "that Butz received a salary (we don't know what it was) and sometimes worked more than 40 hours a week." Dkt. 13, at 3.

This time around, the parties have not done much better. They indicate that Butz's salary was $80,000 and that he worked more than 40 hours a week "on a regular basis." Dkt. 14, at 2. They highlight some disputes of law and fact and indicate that based on those disputes and the advice of counsel, the parties agreed to a settlement in which ASA will pay $20,000 to Butz and $10,000 to his counsel. In exchange, Butz will release all claims against ASA.

This information would not be sufficient to approve settlement of an FLSA collective action, where collective action members' interests may not be adequately represented. But here, where a single plaintiff has direct control of the litigation, it suffices. The agreement is not "a mere waiver of statutory rights" but rather a compromise of disputed issues. *Burkholder*, 750 F. Supp. 2d at 995 (quoting *Misewicz*, 2010 WL 2545439, at *3). Butz's counsel will obtain the standard one-third contingency fee and no more. The court is satisfied that the settlement agreement represents a fair and reasonable resolution of a *bona fide* dispute, so it will approve the settlement agreement.

ORDER

IT IS ORDERED that:

1. The parties' request for FLSA settlement review, Dkt. 14, is GRANTED.

2. The settlement is APPROVED.

3. Pursuant to the parties' stipulation, all claims are DISMISSED with prejudice. The clerk of court is directed to close this case.

Entered November 7, 2017.

                        BY THE COURT:

                        /s/

                        _____
                        JAMES D. PETERSON
                        District Judge